UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Jonathan Trevino, individually and on behalf of all those similarly situated | § § § § | |
| Plaintiff, | § § | Civil Action No: 3:19-cv-875 |
| v. | § § § | |
| Dallas Depot, Inc., | § § | Jury Demanded |
| Defendant | | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Jonathan Trevino ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**") brings this Fair Labor Standards Act ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Nature of Suit.**

    1.1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is

employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. **Parties.**

   2.1. Plaintiff is an individual residing in the Northern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. Plaintiff's written consent to become a party plaintiff is being filed with the Court.

   2.2. The Class Members are other persons that were employed by Defendant to perform manual labor staffing and operating a retail grocery store in the three-year period preceding the filing of this action and were not paid overtime as required by the FLSA. The Class Members may be called Store Clerks.

   2.3. Defendant Dallas Depot, Inc. ("**Dallas Depot**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendant carries on substantial business in the Northern District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

    4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

    4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person (such as, for example, the tools, equipment, and/or materials utilized by Defendant's employees in operating a retail grocery store) and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. Defendant is a retail grocery store. Two or more of Defendant's employees engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Plaintiff and Defendant's employees used/use:

    4.5.1.  Equipment that has been manufactured and shipped across state lines to stock and operate a retail store;

    4.5.2.  computers that have been manufactured and shipped across state lines

    4.5.3.  office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.5.4.  the interstate telephone systems, landline and cellular, to solicit customers and communicate with employees;

    4.5.5.  the United States postal system to send mail across state lines; and

    4.5.6.   the interstate banking systems to pay Defendant's employees;

4.6. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4.7. Plaintiff was employed by Defendant within the applicable statute of limitations.

**5. Factual Allegations.**

5.1. Dallas Depot is a discount grocery store.

5.2. Plaintiff worked for Defendant stocking and operating the grocery store.

5.3. Plaintiff's job responsibilities consisted of manual labor.

5.4. Plaintiff's primary job duties consisted of conduct that did not require discretion in order to be performed or advanced training. Plaintiff's duties were routine and did not require the exercise of independent judgment or discretion.

5.5. Plaintiff was paid on an hourly basis at a straight time rate of $10.00 per hour. Plaintiff was not paid at an overtime rate for all of the hours he worked over 40 in a work week.

5.6. Plaintiff and similarly situated employees regularly worked in excess of 40 hours a week but were paid only straight time. For example, during the pay February 13, 2019 Plaintiff worked 61.45 hours but was not paid overtime for all the hours over 40.

5.7. Defendant did not pay Plaintiff, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly situated employees worked over 40 hours a week.

5.8. Defendant's policy of not paying overtime for all hours worked over 40 in a work week is called the "**Uncompensated Hours Overtime Policy**."

5.9. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the appropriate overtime compensation with respect to Plaintiff and similarly situated employees.

6. **Collective Action Allegations.**

   6.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Other grocery Store Clerks were paid in the same manner as Plaintiff, i.e., no overtime pay for hours worked in excess of 40 per workweek. The Uncompensated Hours Overtime Policy of Defendant has been uniformly imposed on the Class Members.

   6.2. The Class Members performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

   6.3. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

   6.4. Defendant's failure to pay the overtime compensation at the rates required by the FLSA from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

6.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

6.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

    6.6.1. **All grocery store clerks (regardless of actual job title) who worked for Defendant within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.7. Plaintiff brings this action on behalf of similarly situated employees.

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

7.2. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

7.3. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and the Class Members.

7.4. Defendant did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

8. **Jury Demand.**

   8.1. Plaintiff demands a trial by jury herein.

9. **Relief Sought.**

   9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

9.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

9.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

9.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

9.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

9.1.5. All unpaid wages and overtime compensation;

9.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

9.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

9.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

9.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
     Chris R. Miltenberger
     Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**