## UNITED STATES DISTRICT COURT
### Northern District of Texas
### Dallas Division

| | | |
|---|---|---|
| Jonathan Trevino, Individually and | § | |
| on behalf of all those similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:19-cv-875 |
| | § | |
| Dallas Depot, Inc., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Comes now Dallas Depot, Inc., Defendant herein, and moves the Court to dismiss this matter for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and for same would show the Court as follows:

In Plaintiff Jonathan Trevino's ("Plaintiff") Original Collective Action Complaint, Plaintiff alleges that Defendant Dallas Depot, Inc. ("Defendant") violated overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff, however, failed to allege facts supporting a plausibility of recovery on these claims required by Fed. R. Civ. P. 12(b)(6), therefore these claims should be dismissed.

1. Plaintiff fails to state a private cause of action for violations of the FLSA overtime policy.

2. Plaintiff's factual allegations are insufficient to indicate the existence of enterprise coverage and commerce pursuant to 29 U.S.C. § 203. The alleged facts are conclusionary and do not cross the threshold of plausibility as required by *Bell Atlantic v. Twombly*. *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007).

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS – Page 1**

3.     Plaintiff's factual allegations are insufficient to indicate that Defendant failed to pay overtime and that the Plaintiff is owed the amount claimed. The allegations consist of boiler point language which is nothing more than labels and conclusions.

4.     Plaintiff's factual allegations are insufficient to state a claim for a putative class which are similarly situated and are insufficient to state a claim of relief for the putative class.

5.     The grounds stated above, and the controlling law discussed in the accompanying memorandum of authorities demonstrate that the Defendant is entitled to a judgment as a matter of law and the Complaint should be dismissed with prejudice at the cost of Plaintiff.

6.     Solely in the alternative, if the Court determines that the Complaint should not be dismissed, Defendant is entitled to have specific counts of the Complaint dismissed.

## I.     Prayer

WHEREFORE, having submitted this Motion to Dismiss for Failure to State a Claim, Defendant prays for judgment as follows:

1. That Plaintiff and all purported class members take nothing by this action and the case be dismissed due to failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6);

2. The Court order a dismissal with prejudice to refiling for Plaintiff's and the putative class member's cause of action regarding violations of the FLSA at the cost of the Plaintiff; and

3. Such other and further relief as the Court may deem just.

Respectfully submitted,

By:_____

     Mark A. Nacol
     Texas Bar No. 14775100
The Nacol Law Firm PC
8144 Walnut Hill Lane, Suite 1190
Dallas, TX  75231
(972) 690-3333
(972) 692-5398
marknacol@nacollawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the *Federal Rules of Civil Procedure* on May 13, 2019.

_____

Mark A. Nacol
Attorney for Defendant

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS – Page 3**